```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

RAMELL HOLDER,                  )
                                )
        Petitioner,             )
                                )
    v.                          )    Case Nos. 2:12-cr-147
                                )              2:20-cv-75
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )
```

## OPINION AND ORDER

Ramell Holder has filed a petition for a writ of mandamus alleging a violation of his due process rights in the context of a prison disciplinary proceeding. For relief, Holder requests that the disciplinary ruling be vacated, and the resulting revocation of good time credits be reversed. The proceeding in question allegedly took place while Holder was incarcerated at F.M.C. Devens in Massachusetts. Holder is currently incarcerated in a federal facility in New Jersey.

Although Holder is seeking relief in the form a writ of mandamus, it is well settled that a petition challenging the execution of a sentence, including "'prison disciplinary actions,'" is properly brought under the habeas corpus statute, 28 U.S.C. § 2241. *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). In order to entertain a habeas corpus petition under

Section 2241, a court must have jurisdiction over the inmate's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of habeas corpus does not act upon the prisoner who seeks relief, but upon his or her custodian). Consequently, jurisdiction generally lies in the district of the petitioner's confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("[T]he proper respondent to a habeas petition is the person who has custody over the petitioner," *i.e.*, "the person with the ability to produce the prisoner's body before the habeas court.") (internal quotation marks omitted).

Because Holder is not incarcerated in Vermont, this Court has no jurisdiction over his custodian. *See id*. at 447 ("[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"). His petition (ECF No. 197) is therefore denied without prejudice to re-filing in the appropriate judicial district.

DATED at Burlington, in the District of Vermont, this 15th day of March, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge